UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSHUA MOORE,

    Plaintiff,

v.                                                                                          Case No.  8:13-cv-1569-T-24 AEP

GEICO GENERAL INSURANCE
COMPANY,

    Defendant.
_____/

**ORDER**

This cause comes before the Court on Defendant's Motion to Dismiss.  (Doc. No. 7). Plaintiff opposes the motion.  (Doc. No. 8).

**I.  Standard of Review**

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff.  See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000)(citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)).  The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim.  Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests.  See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007)(citation omitted).  As such, a plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. at 1965 (citation omitted).  While the Court must assume that all of the allegations in the complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right to relief above the speculative level."  Id. (citation omitted).  The standard on a 12(b)(6) motion

is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations.  See Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

## II.  Background

Plaintiff alleges the following in his bad faith complaint (Doc.  No. 1): Plaintiff was insured under a car insurance policy issued by Defendant at the time that he was involved in a collision with Amy Krupp and her minor child, A.O.  (Doc. No. 1, ¶ 6, 7).  The car accident resulted in Krupp's death and injury to the child.  (Doc. No. 1, ¶ 7).  A lawsuit was filed against Plaintiff in state court for the injuries and death that resulted from the accident, and the jury returned a verdict against Plaintiff for damages exceeding $4 million.  (Doc. No. 1, ¶ 16 & Ex. B).

Plaintiff contends that Defendant acted in bad faith in failing to settle the claims arising from the car accident.  Specifically, Plaintiff alleges that Defendant failed to accept a reasonable offer and opportunity to settle the case within the policy limits.  (Doc. No. 1, ¶ 15). Additionally, Plaintiff alleges that Defendant failed to exercise reasonable care and good faith in the investigation, negotiation, and settlement of the claims against Plaintiff.  (Doc. No. 1, ¶ 15). Finally, Plaintiff alleges that Defendant failed to: (1) advise him of settlement opportunities, (2) advise him of the probable outcome of the litigation, and (3) warn him of the possibility of an excess judgment and advise him of the steps to take to avoid the same.  (Doc. No. 1, ¶ 15).

## III.  Motion to Dismiss

In response to the complaint, Defendant filed the instant motion to dismiss.[1]  In the

---

[1]The Court notes Defendant's procedural errors in bringing this motion.  To begin with, this motion should have been filed prior to the filing of an answer in this case.  On July 9, 2013, Defendant filed an answer to the complaint.  (Doc. No. 4).  Thereafter, on July 12, 2013,

2

motion, Defendant argues that the complaint should be dismissed because there are not sufficient factual allegations to show that relief is warranted. The Court rejects this argument.

Additionally, Defendant argues that the complaint is technically deficient, because Plaintiff incorrectly alleges the date of the car accident as May 3, 2013, which is a date after the excess judgment was awarded by the jury in the underlying state case. Plaintiff acknowledges the scrivener's error in his response brief and states that the date of the accident was May 11, 2010. Given this technical deficiency, the Court will dismiss the complaint without prejudice and grant Plaintiff leave to file an amended complaint.

## IV.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Defendant's Motion to Dismiss (Doc. No. 7) is **GRANTED**. Plaintiff's complaint is dismissed without prejudice, and he is granted leave to file an amended complaint, by August 9, 2013, that corrects the date of the accident.

**DONE AND ORDERED** at Tampa, Florida, this 1st day of August, 2013.

Copies to:
Counsel of Record

Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

---

Defendant filed the instant motion to dismiss. Federal Rule of Civil Procedure 12(b) provides that a motion to dismiss for failing to state a claim must be filed prior to filing an answer.

Furthermore, Defendant seeks alternative relief of a more definite statement. However, Rule 12(b) provides that such a motion must be filed prior to filing an answer. This makes sense, because such a motion is filed when a complaint "is so vague or ambiguous that the [defendant] cannot reasonably prepare a response." Given that Defendant did file an answer, it can hardly be argued that the complaint is so vague or ambiguous that Defendant cannot reasonably prepare a response. As such, Defendant's request for a more definite statement is denied.