UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSHUA MOORE,

    Plaintiff,

v.                                                                 Case No. 8:13-cv-1569-T-24 AEP

GEICO GENERAL INSURANCE
COMPANY,

    Defendant.
_____/

## ORDER

This cause comes before the Court on GEICO's Motion to Tax Costs. (Doc. No. 50). Plaintiff opposes the motion (Doc. No. 55), and GEICO has filed a reply brief (Doc. No. 58). As explained below, the motion is granted in part and denied in part.

**I. Motion to Tax Costs**

Plaintiff Joshua Moore filed this bad faith action against Defendant GEICO General Insurance Company ("GEICO"). GEICO moved for summary judgment, and the Court granted the motion and entered judgment in favor of GEICO. Thereafter, GEICO filed the instant motion for $16,129.11 in costs.

In reviewing Defendant's request for costs, the Court is mindful of the following:

> A prevailing party may recover costs as a matter of course unless otherwise directed by the Court or applicable statute. Congress has delineated which costs are recoverable under Rule 54(d), Fed.R.Civ.P. The Court has the discretion to award those costs specifically enumerated in 28 U.S.C. § 1920. The Court, however, may not tax as costs any items not authorized by statute. When challenging whether costs are taxable, the losing party bears the burden of demonstrating that a cost is not taxable, unless the knowledge regarding the proposed cost is within the exclusive

>   knowledge of the prevailing party.

Monelus v. Tocodrian, Inc., 609 F. Supp.2d 1328, 1332-33 (S.D. Fla. 2009)(internal citations omitted).

In response to GEICO's motion, Plaintiff asserts three arguments: (1) the Court should exercise its discretion and deny costs; (2) the Court should not award any costs for copying, or alternatively, should reduce the copy costs to be awarded; and (3) the Court should reduce the transcript costs to be awarded. Accordingly, the Court will address each argument.

### A.  Discretion to Deny Costs

Plaintiff first argues that the Court should exercise its discretion and deny costs. Rule 54(d)(1) provides: "Unless a federal statute, these rules, or a court order provides otherwise, costs . . . should be allowed to the prevailing party." As the Supreme Court has explained:

>   Rule 54(d)(1) codifies a venerable presumption that prevailing parties are entitled to costs. Notwithstanding this presumption, the word "should" makes clear that the decision whether to award costs ultimately lies within the sound discretion of the district court.

Marx v. General Revenue Corp. 133 S. Ct. 1166, 1172 (2013)(citations omitted). Courts have interpreted Rule 54's language to state an equitable principle that vests courts with the discretion to disallow costs. See Allstate Ins. Co., Inc. v. Jones, 763 F. Supp. 1101, 1102 (M.D. Ala. 1991); see also Georgia Ass'n of Retarded Citizens v. McDaniel, 855 F.2d 794, 800 (11th Cir. 1988).

In support of his contention that the Court should deny costs in this case, Plaintiff argues that although the Court found that GEICO did not act in bad faith, the Court found GEICO's claims handling conduct to be sloppy, bordering on negligent. The Court declines Plaintiff's

invitation to deny costs based on GEICO's sloppy claims handling conduct. This was a bad faith case, and GEICO did not act in bad faith. As a result, the Court concludes that GEICO should be awarded its costs.

### B. Photocopying Costs

GEICO seeks an award of $6,102.16 in photocopying costs. Plaintiff argues that the Court should not award any costs for copying, or alternatively, should reduce the copy costs to be awarded. The cost of photocopies necessarily obtained for use in the case can be taxed. In connection with the taxation of photocopying costs, the Court is mindful of the following:

> [T]he costs of photocopies are recoverable if the copies were necessarily obtained for use in the case. The party moving for taxation of costs must present evidence regarding the documents copied including their use or intended use. As the prevailing party alone knows the purpose of the copies, it cannot simply make unsubstantiated claims that copies of the documents were necessary. Rather, the prevailing party must provide information regarding the purpose of copies charged so the court will be able to determine the purpose of the copies as well as whether the rates paid for copies were reasonable, and whether the copies made were related to the action at issue. In evaluating whether copies were necessary, the Court does not award costs for copies made merely for counsel's convenience, such as multiple copies of documents. Similarly, general copying costs without further description are not recoverable. The costs associated with copying documents for the purpose of providing them to the court, however, are reimbursable. Likewise, a prevailing party may recover costs of copies produced to opposing counsel. Thus, a party must demonstrate that copies were necessarily obtained for a reimbursable use in the case.

Monelus, 609 F. Supp.2d at 1335 (internal citations and quotation marks omitted).

To the extent that Plaintiff argues that none of the copying costs should be taxed because GEICO does not provide sufficient detail regarding the documents that were copied, the Court rejects this argument. GEICO identifies the specific documents that were copied: GEICO's

home office file, GEICO's electronic claim file, GEICO's regional claim file, attorney Holden's litigation file, attorney Unice's litigation file, and discovery documents for expert review.

However, the Court agrees that the photocopying charges should be reduced. First, the "in-house" photocopying charges of $3,080.50 will not be taxed, as there is absolutely no detail regarding what documents were copied. In its reply brief, GEICO states that while it "has not specifically delineated each document that was copied in-house, the copies typically consisted of pleadings, discovery, and documents sent to Plaintiff." (Doc. No. 58, p. 4). This after-the-fact explanation of all in-house copies is not sufficient for the Court to determine whether the copies were necessarily obtained for use in the case. Therefore, the Court declines to award these costs. See Brooks v. Peer Review Mediation & Arbitration, Inc., 2012 WL 5410405, at *5 (S.D. Fla. Nov. 6, 2012); Gonzales v. Pasco County Bd. of County Commissioners, 2013 WL 1810820, at *3 (M.D. Fla. April 29, 2013); Gary Brown & Associates, Inc. v. Ashdon, Inc., 268 Fed. Appx. 837, 846 (11th Cir. 2008); Cullens v. Ga. Department of Transportation, 29 F.3d 1489, 1494 (11th Cir. 1994); Dillon v. Axxsys International, Inc., 2006 WL 3841809, at *7 (M.D. Fla. Dec. 19, 2006).

Second, with respect to the invoices for copying charges, they contain charges for items other than copying, including bates numbering, mileage, and tolls, totaling $431.31. These additional costs extend beyond the scope of copying, and alternatively, are for the convenience of counsel. See Durden v. Citicorp Trust Bank, FSB, 2010 WL 2105921, at *4 (M.D. Fla. April 26, 2010)(bates numbering). Therefore, these costs will not be taxed.

Accordingly, based on the above, the Court reduces that amount of taxable photocopying costs by $3,511.81. Therefore, GEICO will be awarded only $2,590.35 in photocopying costs.

### C. Transcript Costs

GEICO seeks an award of $8,604.70 for transcripts. Plaintiff argues that the Court should reduce the transcript costs to be awarded, because Plaintiff has not shown that all of the transcripts that it seeks to recover costs for were necessarily obtained for use in this case. Specifically, Plaintiff objects to the following ten deposition transcripts: (1) Rocco Nunzio, (2) Peter Knowe, (3) Gregory Keyser, (4) Brian Orr, (5) Jimmy Moore, (6) Joshua Moore, (7) George Fowler, (8) Tracy Mills, (9) Doreen Wilson, and (10) John Atkinson. As explained below, the Court overrules this objection.

Plaintiff Joshua Moore's objection to his own deposition does not even merit discussion, as it was necessarily obtained for use in this case. Likewise, the deposition of Plaintiff's father, Jimmy Moore, who was also an insured in this case was necessarily obtained for use in this case. Similarly, the depositions of Gregory Keyser and Brian Orr (the underlying plaintiffs in the action brought against the Moores) was necessarily obtained for use in this case. All of these depositions were necessary, because these deponents could testify regarding whether the underlying car accident case could have been settled.

Additionally, the depositions of Rocco Nunzio, George Fowler, Tracy Mills, Doreen Wilson, and John Atkinson were set by Plaintiff, so it is curious as to why he would argue that such deposition transcripts were not necessarily obtained for use in this case. Except for John Atkinson, these people were GEICO personnel that were involved in the handling of the claim against Plaintiff. John Atkinson was GEICO's bad faith expert. Accordingly, the deposition transcripts of these people were necessarily obtained for use in this case.

Finally, Peter Knowe was Plaintiff's bad faith expert. Therefore, his deposition transcript

5

was necessarily obtained for use in this case.

## II.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that GEICO's Motion to Tax Costs

(Doc. No. 50) is **GRANTED TO THE EXTENT THAT** the Court awards GEICO $12,617.30

in costs.

**DONE AND ORDERED** at Tampa, Florida, this 19th day of August, 2014.

Copies to:
Counsel of Record

SUSAN C. BUCKLEW
United States District Judge