UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSHUA MOORE,

    Plaintiff,

v.                                                     Case No. 8:13-cv-1569-T-24 AEP

GEICO GENERAL INSURANCE
COMPANY,

    Defendant.
_____/

## ORDER

This cause comes before the Court on GEICO's Motion to Deem Affirmative Defenses as General Denials. (Doc. No. 92). Plaintiff opposes the motion. (Doc. No. 99). As explained below, the motion is denied.

This is an insurance bad faith lawsuit that is going to trial on November 28, 2016. When GEICO filed its answer, GEICO included a "general denials" section and an "affirmative defenses" section. At issue are the following asserted affirmative defenses:

> 27. As its Fourth Affirmative Defense, GEICO states that, under the totality of the circumstances, GEICO did not have a realistic opportunity to settle the subject claim within the applicable policy limits.
>
> 28. As its Fifth Affirmative Defense, GEICO states that the claimants, Kyser *et al*, were unwilling to settle their claims against the Plaintiff within the applicable policy limits.

(Doc. No. 13).

In the instant motion, GEICO asks the Court to treat these asserted affirmative defenses as general denials. The reason behind such a request has to do with who would bear the burden

of proof as to these defenses—GEICO or Plaintiff.

There is case law on both sides of this issue. Some courts find these defenses to be affirmative defenses for which the insurance company has the burden of proof at trial. See Lopez v. Allstate Fire & Cas. Ins. Co., 2015 WL 5320916, at *3 (S.D. Fla. Sept. 14, 2015); Sowell v. GEICO Cas. Ins. Co., 2015 WL 3843803, at *2 (N.D. Fla. June 20, 2015); Powell v. Prudential Property & Cas. Ins. Co., 584 So. 2d 12, 14 (Fla. 3d DCA 1991); Barry v. GEICO General Ins. Co., 938 So. 2d 613, 618 (Fla. 4th DCA 2006); Snowden ex rel. Estate of Snowden v. Lumbermans Mutual Cas. Co., 358 F. Supp.2d 1125, 1128 (N.D. Fla. 2003); Quigley v. Government Employees Ins. Co., 2008 WL 126598, at *3 (M.D. Fla. Jan. 10, 2008); GEICO General Ins. Co. v. McDonald, 315 Fed. App'x 181, 183 (11th Cir. 2008). Other courts find that these are defenses, and the plaintiff has the burden of showing that the insurance company failed to settle the claim when it could have done so. See Cadle v. GEICO General Ins. Co., 2014 WL 793339, at *3 (M.D. Fla. Feb 27, 2014), and Batchelor v. GEICO Cas. Co., 2014 WL 7224619, at *9 (M.D. Fla. Dec. 17, 2014).

Upon consideration, the Court concludes that GEICO's motion to deem these defenses to be general denials should be denied. GEICO listed these as affirmative defenses, rather than denials, indicating that it believed that it had the burden of proof as to these issues. At this late stage in the proceedings—with trial one month away—the Court is not inclined to deem these to be denials and change who bears the burden of proof on these issues.

Accordingly, it is ORDERED AND ADJUDGED that GEICO's Motion to Deem Affirmative Defenses as General Denials (Doc. No. 92) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 24th day of October, 2016.

Copies to:
Counsel of Record

SUSAN C. BUCKLEW
United States District Judge