UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSHUA MOORE,

    Plaintiff,

v.                                                    Case No.  8:13-cv-1569-T-24 AEP

GEICO GENERAL INSURANCE
COMPANY,

    Defendant.
_____/

## ORDER

This cause comes before the Court on Plaintiff's Motion for Reconsideration.  (Doc. No. 166).  Defendant opposes then motion.  (Doc. No. 169).  As explained below, the motion is denied.

## I.  Background

This is a lawsuit in which Plaintiff Joshua Moore claims that Defendant GEICO General Insurance Company ("GEICO") acted in bad faith by failing to settle a bodily injury claim asserted against him.  On May 11, 2010, Plaintiff was involved in a multi-car accident.  Plaintiff was driving northbound on U.S. Highway 98 when another driver, Richard Waters, cut him off in traffic and the two drivers engaged in hand gestures.  Waters then swerved his truck into the side of Plaintiff's truck, and Plaintiff lost control of his truck, crossed into the southbound lanes, and hit Amy Krupp's vehicle nearly head on.  Krupp and her minor son ("AO") were severely injured, and Krupp later died.

Plaintiff was an insured driver under an automobile insurance policy issued by GEICO, which provided bodily injury limits of $10,000 per person/$20,000 per occurrence.  Waters did

not have bodily injury coverage, but he did have property damage coverage issued by Peak Insurance ("Peak").

Gregory Kyser, as Personal Representative of the Estate of Amy Suzanne Krupp, retained Lance Holden to represent the Estate for the bodily injury claim against Plaintiff. GEICO made several attempts to pay the claimants[1] Plaintiff's bodily injury policy limits, but a settlement was not reached, and the claimants obtained a $4,427,695.30 judgment against Plaintiff in state court.

The bad faith case went to trial on November 28, 2016. The jury found that GEICO acted in bad faith in failing to settle the bodily injury claim against Plaintiff. (Doc. No. 143). Thereafter, GEICO filed a motion for a new trial, in which it argued that during the trial, Plaintiff asked questions and made arguments comparing GEICO and Peak's claims handling that unfairly prejudiced GEICO by confusing and distracting the jury from the issue before them—whether GEICO acted in bad faith. (Doc. No. 157). The Court agreed with GEICO and granted its motion, stating:

> Based on the above, it is clear that there was substantial evidence and argument presented to the jury comparing GEICO's claims handling to Peak's claims handling. This unfairly prejudiced GEICO, because the focus of the bad faith claim should have been on GEICO's conduct. Evidence of Peak's claims handling likely significantly distracted the jury from the proper focus in this case—GEICO's claims handling. The relevance of Peak's settlement of a property damage claim that did not appear to exceed Waters' and Plaintiff's property damage limits is marginal at best. However, the evidence that was introduced at trial regarding Peak's claims handling and the claimants' settlement with Peak was substantial and likely confused and misled the jury, leading them to believe that Peak handled the property damage claim correctly, and GEICO's failure to handle the bodily injury claim the same way must be deemed bad faith. As

---

[1] The claimants are Gregory Kyser, on behalf of Krupp's Estate, and Brian Orr, as father and guardian of AO.

> such, this Court cannot say with fair assurance that the verdict was not substantially swayed by the Court's error in allowing this evidence and argument. Thus, allowing the bad faith verdict to stand when it may have been based in large part on this unfairly prejudicial evidence and argument would be a miscarriage of justice.

(Doc. No. 165, p. 15–16). In response, Plaintiff filed the instant motion to reconsider the order granting a new trial.

## II. Motion for Reconsideration

There are three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or to prevent manifest injustice. Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994)(citations omitted). The Court notes that reconsideration of a previous order is an extraordinary remedy to be employed sparingly. See id. (citations omitted). It appears that Plaintiff's motion is based on his perceived need to correct clear error or to prevent manifest injustice. However, as explained below, the Court finds that the motion should be denied, as Plaintiff has not shown that there is a need to correct clear error or to prevent manifest injustice.

In support of his motion, Plaintiff makes two arguments: (1) this Court's Order granting a new trial conflicts with the Eleventh Circuit's opinion reversing the Court's prior grant of summary judgment; and (2) evidence of Peak's claims handling was relevant and properly considered by the jury. Accordingly, the Court will analyze each argument.

### A. Eleventh Circuit's Prior Opinion

Plaintiff first argues that this Court's Order granting a new trial conflicts with the Eleventh Circuit's opinion reversing the Court's prior grant of summary judgment. In that opinion, the Eleventh Circuit stated, in pertinent part, the following:

3

> Holden testified that his intention in sending the demand letter [to Plaintiff] was in fact to effectuate a settlement. He explained that he had his clients' authority and permission to send it out, and that if GEICO had "compl[ied] with what is in the letter, . . . then [there would have been] an opportunity to resolve the case." Holden further noted that he had settled his clients' claims against the other motorist involved in the accident when that motorist's insurance carrier complied with the same demands as those made on GEICO. The district court discounted this testimony. It concluded that—despite Holden's statements to the contrary—Holden's demand was "based more on the creation of a bad faith claim against GEICO than on truly attempting to settle [the Krupp estate's and AO's] claims." . . . The district court in this case thus should have credited Holden's testimony and accepted—for the purposes of GEICO's motion for summary judgment—that Holden legitimately tried to settle the case. *V*iewed in this light, GEICO's failure to meet the demands of Holden's settlement offer impeded the parties' ability to settle the case against Moore. ***This evidence should therefore have been considered by a jury in assessing whether the totality of GEICO's conduct amounted to a good-faith effort to settle the case.***

(Doc. No. 64, p. 11–12)(internal citations omitted)(emphasis added).

Plaintiff argues that the phrase "this evidence" within the bolded language set forth above refers to evidence of Peak's claims handling. This Court disagrees. Instead, the "evidence" being referred to is Holden's testimony that he legitimately tried to settle the claims against Plaintiff. This Court's conclusion is supported by the fact that the Eleventh Circuit spent considerable time in the remainder of its opinion explaining that this Court "should have focused principally on GEICO's handling of the claims against [Plaintiff]." (Doc. No. 64, p. 14). Just as this Court should not have focused on Holden's conduct in its summary judgment order, the jury should not have been directed to focus on Peak's claims handling and to compare it to GEICO's claims handling. Accordingly, the Court denies Plaintiff's motion based on this argument.

### B. Jury's Consideration of Peak's Claims Handling

Next, Plaintiff argues that evidence of Peak's claims handling was relevant and properly

considered by the jury. Plaintiff argues that the fact that Peak only provided property damage coverage does not make its claims handling any less relevant. Plaintiff argues that because Waters could have been found liable for bodily injury damages, despite not having any bodily injury coverage, Peak's claims handling was relevant and properly considered by the jury.

In support of his argument, Plaintiff cites Allstate Indemnity Company v. Oser, 893 So. 2d 675 (Fla. 1st DCA 2005). In Oser, the insured and tort claimant brought a bad faith claim against the insurance company for failing to settle a bodily injury claim despite the fact that the insured did not have bodily injury coverage. See id. at 676. The court stated that the insurance company's liability for bad faith depended on "whether, even without [bodily injury] coverage, [the insurer] owed [the insured] a duty to settle [the claimant's] claims against her for both [bodily injury] and property damage because it either expressly undertook such duty or because the circumstances created a duty." Id. at 677.

The Court is not persuaded by Plaintiff's argument that Oser supports his contention that Peak's claims handling was relevant and properly considered by the jury. Instead, the Court remains convinced that evidence of Peak's claims handling and the claimants' settlement with Peak likely confused and misled the jury, leading them to believe that Peak handled the property damage claim correctly, and GEICO's failure to handle the bodily injury claim the same way must be deemed bad faith. Accordingly, the Court denies Plaintiff's motion based on this argument.

**III. Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that Plaintiff's Motion for Reconsideration (Doc. No. 166) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 13th day of March, 2017.

Copies to:
Counsel of Record

SUSAN C. BUCKLEW
United States District Judge