UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSHUA MOORE,

    Plaintiff,

v.                                                Case No. 8:13-cv-1569-T-24 AEP

GEICO GENERAL INSURANCE
COMPANY,

    Defendant.
_____/

**ORDER**

This cause comes before the Court on Plaintiff's Fifth Motion in Limine. (Doc. No. 176). Defendant opposes the motion. (Doc. No. 185). As explained below, the motion is granted in part and denied in part.

**I. Background**

This is a lawsuit in which Plaintiff Joshua Moore claims that Defendant GEICO General Insurance Company acted in bad faith by failing to settle bodily injury claims asserted against him after he was involved in a multi-car accident. Plaintiff lost control of his truck and hit Amy Krupp's vehicle nearly head on. Krupp died as a result of the accident, and her minor son ("AO") was severely injured. The underlying car accident case went to trial in state court, and a judgment in excess of $4 million was entered against Plaintiff.

**II. Motion in Limine**

In the instant motion, Plaintiff seeks to exclude evidence and argument relating to: (1) the amount that the underlying claimants[1] and their attorneys stand to recover from the bad faith

---

[1] The claimants are Gregory R. Kyser, as Personal Representative of the Estate of Amy Suzanne Krupp, and Brian Orr, as father and guardian of AO.

lawsuit if Plaintiff prevails; and (2) the fact that Plaintiff is either unwilling or unable to pay any portion of the state court judgment that was entered against him in the underlying car accident lawsuit. Accordingly, the Court will address each argument.

### A. Amount at Stake for Claimants and Their Attorneys

Plaintiff seeks to exclude evidence and argument relating to the amount that the underlying claimants and their attorneys stand to recover from the bad faith lawsuit if Plaintiff prevails, arguing that such is not relevant to the issue of whether Defendant acted in bad faith. In support of this argument, Plaintiff cites Gonzalez v. GEICO General Ins. Co., 2017 WL 39113, at *3 (M.D. Fla. Jan. 4, 2017). In Gonzalez, the court concluded, with no written analysis, that the amount that the underlying claimants and their attorneys stood to recover from the bad faith lawsuit if the plaintiff prevailed was irrelevant. This Court is not persuaded by that decision, as this Court finds the large potential financial recovery from this case to be relevant to the issue of the underlying claimants' and their attorneys' credibility when testifying. Accordingly, the Court denies Plaintiff's motion on this issue. See U.S. v. Smalley, 754 F.2d 944, 951 (11th Cir.1985)(stating that "[m]atters affecting the credibility of the witness are always relevant on cross-examination").

### B. Plaintiff's Ability to Pay the Underlying Judgment

Next, Plaintiff seeks to exclude evidence and argument relating to the fact that Plaintiff is either unwilling or unable to pay any portion of the state court judgment that was entered against him in the underlying car accident lawsuit. Plaintiff argues that such evidence is inadmissible and irrelevant, because Plaintiff has been damaged by the *existence* of the judgment against him, even if he has not paid towards it. See American Fire & Cas. Co. v. Davis, 146 So. 2d. 615, 619 (Fla. 1st DCA 1962); Mendez v. Unitrin Direct Property & Cas. Co., 622 F. Supp.2d 1233, 1241

2

(M.D. Fla. 2007).

Defendant responds that Plaintiff's ability to pay any judgment against him was a consideration by the claimants' and their counsel during the attempted settlement of the underlying car accident claim.  Therefore, Defendant argues that its theory of the case is that Plaintiff's inability to pay any judgment affected the claimants' and their attorney's decision regarding settlement of the underlying car accident claim and was a motivation for the bad faith claim.  However, Defendant agrees not to introduce evidence and argument of Plaintiff's non-payment towards the underlying car accident judgment as long as Plaintiff does not introduce evidence or argument that Plaintiff will be pursued by the claimants for the full amount of the underlying judgment.

Upon consideration, the Court agrees with Defendant that evidence and argument regarding Plaintiff's ability to pay a potential judgment as a consideration by the claimants' and their attorney during the settlement attempts is relevant and admissible.  However, Plaintiff's actual non-payment of the underlying judgment will be precluded unless Plaintiff offers evidence or argument that he will be pursued by the claimants for the full amount of the underlying judgment.  Thus, Plaintiff's motion in limine on this issue is granted in part and denied in part.

## III.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Plaintiff's Fifth Motion in Limine (Doc. No. 176) is **GRANTED IN PART AND DENIED IN PART** as set forth above.

**DONE AND ORDERED** at Tampa, Florida, this 13th day of July, 2017.

Copies to:
Counsel of Record

SUSAN C. BUCKLEW
United States District Judge